<u>Attachment to the Petition for Writ of Habeas Corpus</u>

This petitioner contends that the guilty verdict,Returned by the Petit jury,Is null and void,Due to that Petit jury consisting of (13) Thirteen members,Rather than (12) Twelve as required by the Constitution.

This petitioner argues that the guilty verdict returned against him and the resultant (40) Forty year sentence imposed in 1991,Was the result of a petit jury that consisted of (13) Thirteen members. The "Thirteenth" Juror,was an alternate that was not dismissed by the court prior to deliberations.

This claim was substantiated by actual witnesses of the trial by Affidavit's,Submitted to the trial court in support of the Post Conviction petition.

Due to the Circuit Court allowing (13) Thirteen members to deliberate the petitioners fate,Their were (13) Thirteen voices in the deliberation room,Rather than (12) Twelve.It is this petitioners contention,That the Butler County Circuit Court did not have 'Subject Matter' Jurisdiction to render judgment,Or Adjudicate this petitioner as guilty,Based on an Erroneously returned guilty verdict.

It is common knowledge,That,"......a criminal defendant is entitled to a 12 member jury,And though he may waive his right to trial by agreement,or entering a guilty plea,he may not be deprived of the right without his express and intelligent consent."
**U.S. v.Taylor,507 F.2d.166(5th Cir.1975)**

In the State of Alabama," A criminal defendant is entitled to a 12 member jury,under the command of Rule 18,Alabama Rules of Criminal Procedure,Which states,'<u>Right to trial by jury,</u>' "Defendants in all criminal cases shall have the right to be tried by a jury".,Section (a) of that Rule,recognizes a defendants fundamental right to trial by jury",More emphatically,Art.1,§11 of the Alabama Constitution 1901,Provides,"The right of trial by jury,shall remain,Inviolate",The first section of Section(A),

"Presumes that a **petit jury will be composed of <u>twelve jurors</u>.**" The requirement of a twelve man jury cannot be regarded as indispensible component of the sixth amendment of the united states constitution."**Williams v.Florida,399 U.S.78,90 S.Ct.1893(1970)**

This petitioner further avers,In support of his claim,That the "13th Juror" infected the jurisdiction of the trial court,He cited:**United States v.Gaudin,515 U.S.506,115 S.Ct.2310(1995)**, In which the United States Supreme Court Held,"The court,Thru Blackstone,described a trial by jury as requiring that the truth of every accusation,Whether preferred in the shape of an indictment, Information or Appeal,<u>Should afterwards be confirmed by the unaminous suffrage of 'Twelve of the defendants equals and nieghbors..</u>"

Furthermore,Justice Story Wrote,"The trial by jury gauranteed by the constitution was ''**Generally understood to mean....,a trial by a jury <u>of twelve men</u> impartially selected,who must unaminously concur in the guilt of the accused,**"<u>Before a legal conviction can be had</u>." 2 J.Story,Comm.on the constitution of the U.S.,541 n.#2(4th Edit.1873)
Also,In "**Williams v.Florida,supra.**,"The court in reaching its conclusion,Held,'.....the court announced that the sixth amendment was applicable to the defendants trial when Utah was a territory and that the jury referred to in the amendment was a jury,""Constituted as it was at common Law,of **Twelve persons neither more,Nor Less**"".
And also,In **U.S.v.Gaudin,515 U.S.506,115 S.Ct.2310(1995)**; "That the 12-person requirement to which story referred is not an indispensable component of the right to trial by jury.But in doing so,we emphasised that the jury's determination of ultimate guilt is indispensible.The 'essential feature of a jury',We said,is "The interposition between the accused and his accuser of the common sense judgment of a group of laymen......[i]n that groups determination of guilt or innocense."Id at 100,90 S.Ct.1893.
This petitioner contends that the Butler County circuit court in empaneling (13) Thirteen jurors,Rather that (12) Twelve to deliberate this petitioners fate,And said (13) Thirteen jurors discussing this case amongst themselves,**All Thirteen** of them, resulted in an extra voice to sway the verdict,And vote on the petitioners guilt or innocense,Violated the most sacred aspect of law,The sixth amendment right to trial by jury-Believed to be a jury of (12) Twelve,See,e.g.,**Patton v.United States,281 U.S.276,288-289,50 S.Ct.253(1930)**,This was incorporated and made

and made applicable to the States by the fourteenth amendment,
**Collins v.Youngblood,497 U.S.37,110 S.Ct.2715(1990)**,The (13)
member jury,"Substantially" affected this petitioners right to a
fair and impartial trial,And the (13) member jury which returned
the guilty verdict in this case,Was erroneous,And therefore,Stripped the Butler County Circuit Court of jurisdiction to render
judgment,**Singleton v.State,288 Ala.519(Ala.1971)**,"We are not
here dealing with a claimed infringement of a constitutional
right because the accused did not raise the question-the court
of criminal appeal noted the question itself and decided it
to be jurisdictional-that is,that a jury in felony cases was
an inseperable part of the court and niether the State nor the
defendant could waive the requirement."
And further in,**Singleton v.State,Supra.**"On a similiar question
but involving the validity of a jury verdict of **eleven jurors**
we held in;**Bell v.state,44 Ala.393(1870)**,That in a criminal
case,A verdict rendered by eleven jurors,Was invalid."
The petitioner raised this claim,Thru-out the state courts,To
no avail.This claim,Was never disputed by the state,Only that
it was not jurisdictional,It appears that the State of Alabama
has absolutely no respect for the "Substantial Due-Process"
rights of this petitioner.
This claim,that was thoroughly exhausted in the Alabama State
courts,Was supported by Affidavit's of actual witnesses that
attended the trial,And the Polling of the jury clearly and unequivically shows that (13) Thirteen jurors deliberated this petitioner's
fate.The State of Alabama,Never refuted this fact,And therefore
should have been taken as true by the State courts,**Crandle v.Holt,
1997 U.S.Dist.LEXIS 8219(11th Cir.1997)**,However,Releif was denied
due to the state court's determining the claim was 'Time-Barred'.
In **Johnson v.Duckworth,650 F.2d.122(1981)**,The court held the
following:" To determine whether a certain feature of a jury
system comports with constitutional requirements,"The relevant
inquiry,.......must be the function that the particular feature
performs and its relation to the purposes of the jury trial,**Williams
v.Florida,Supra.**,At 1905,States another way,Where the states
practice 'Presents a,........,Threat to preservation of the
substance of the jury trial guarantee,It must be struck down.'

[-3-]

This petitioners argument,Is based on common sense,And fundamental fairness,A circuit court cannot proceed,In any way,Shape or form or fashion,To render judgment,Based on an erroneous jury verdict,That does not comport to constitutional law,The court could simply not have jurisdiction to render judgment in this case.**Black's Law Dict.879(8th Edit.2004)**,Defines "Subject Matter Jurisdiction",As 'Jurisdiction over the nature of the case and type of relief sought:<u>the extent to which a court can rule on the conduct of persons</u>:or the status of things."[Emphasis Added]

The court could simply not rule on the conduct of this petitioner based on an erroneous jury verdict returned by (13) Thirteen jurors.
This petitioner,In the lower courts,Explained how the "Thirteenth Juror" came to be,It seems,And the record supports this allegation, That the trial judge failed to dismiss the alternate juror,And allowed the Alternate to proceed into the deliberation room with the other Twelve petit jurors.
In support of this contention,This Petitioner submitted,Into evidence attached to the Rule 32 petition for post conviction relief,The Guilty verdict,Which clearly shows that the form was signed by two jurors acting in the capacity of Foremen.
The Affidavit's presented to the lower courts,And the guilty Verdict,Coupled with the Polling of the Jury,Which clearly showed that (13) Thirteen jurors answered,Proved this claim,This is the direct result of the trial judge failing to dismiss the alternate juror,Prior to deliberations.
"Presence of alternate juror during jury's deliberations is sufficiently impinging upon constitutional right to jury trial to create presumption of prejudice that,If not rebutted,Requires reversal."**People v.Boulies,690 P.2d.1252(1984,Colo.),United States Code Service,Amend.#6,N.288.**

This claim,Is clearly a significant Constitutional violation, This claim must be addressed by this court,Or a "Fundamental miscarraige of justice will occur.",This petitioner prays that this court will exercise it's 'Equitable Powers' to adjudicate this claim,And grant the relief that this petitioner is entitled, But unable to recieve in the State courts.

[-4-]